THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ACE American Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>HireVue, Inc.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00102-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff ACE American Insurance Company seeks to compel Defendant HireVue Inc. to produce three things: (1) HireVue's copies of the ACE Policy; (2) documents regarding the availability of coverage for the EPIC Complaint or FTC Investigation under any policy (Other Insurance); and (3) all communications involving Highwire (Highwire Communications).[1] To the parties' credit, after filing the Motion they continued discussing the issues seeking to resolve them. After HireVue made a supplemental production, the parties resolved the disputes regarding ACE Policy and Other Insurance leaving for the court's consideration, the parties' dispute regarding Highwire Communications.[2] The court addresses this issue herein.[3]

---

[1] Short Form Discovery Motion to Compel, ECF No. 54.

[2] HireVue makes an initial threshold assertion that ACE failed to fulfill its Rule 37 obligations. The court is not persuaded by this argument given the parties continued efforts to resolve this discovery dispute.

[3] This matter is referred to the undersigned from Judge Nielson pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition of nondispositive matters.

**DISCUSSION**

Plaintiff ACE filed this matter seeking a declaration that it owes no defense or indemnity obligations to HireVue with respect to another suit.[4] At issue here are the Highwire Communications, which are the subject of Request for Production (RFP) numbers 2 and 5. Rule 26 of the Federal Rules of Civil Procedure provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."[5] When weighing discovery the court considers *inter alia*, the burden or expense of the discovery, its importance to the issues at stake in the action, and the parties' resources and access to the information.[6] The question here concerns whether the discovery is privileged.

RFP 2 seeks "All Communications Relating to the EPIC Complaint, including but not limited to HireVue's internal Communications."[7] In response HireVue objects to the request asserting that it is overbroad, unreasonable, and subject to the attorney-client privilege and the attorney work product doctrine.

RFP 5 is similar. It seeks "All Communications Relating to the FTC Investigation, including but not limited to HireVue's internal Communications."[8] HireVue objects to the Request arguing it is overbroad, unreasonable, and once again privileged based on the attorney-client privilege and the attorney work product doctrine.

---

[4] *Kristen Deyerler et al. v. HireVue, Inc.*, Case No. 22-cv-01284 (N.D.IL.) (noted as the *Deyerler* matter in the Complaint).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See id.*

[7] Exhibit A attached to Plaintiff's Motion to Compel at 4, ECF No. 54-1.

[8] *Id.* at 5.

The key question before the court is whether disclosure of communications to Hirewire, a third-party public relations firm, waived HireVue's assertions of privilege. ACE argues disclosure of the otherwise privileged communications with Highwire waived any privilege, unless HireVue can demonstrate that Highwire's involvement was necessary for counsel to render legal advice, rather than acting in a merely helpful manner for managing public relations or marketing responses. In support, ACE cites to this court's decision in *Utah First Fed. Credit Union v. Univ. First Fed. Credit Union*.[9] In opposition, HireVue relies on this same authority, arguing that disclosure to a third party does not always wave privilege, such as "where an accountant supplies specialized knowledge to allow an attorney to understand the client's situation."[10] The situation here, according to HireVue is analogous to that situation. HireVue relied on the specialized knowledge of Hirewire for legal advice.

Also, central to the parties' dispute, is the testimony of HireVue's former General Counsel, Deboarh Giambruno. ACE argues Giambruno's testimony is an alleged admission that Highwire did not assist her in providing legal advice. HireVue counters, arguing Giambruno's testimony is mischaracterized. Giambruno testified that she did not recall Highwire's assistance and a lack of recollection regarding events from 6–7 years prior does not invalidate privilege.

In *Utah First Federal Credit Union*, this court considered the joint client doctrine, which although not expressly adopted by the Tenth Circuit, does appear to be approvingly mentioned in *In re Qwest Communications*.[11] The joint client doctrine "applies to 'joint clients of the same

---

[9] No. 2:22-CV-00146-RJS-DBP, 2024 WL 3510989 (D. Utah July 22, 2024).

[10] *Id.* at *9.

[11] 450 F.3d 1179, 1195 (10th Cir. 2006) (noting that "[w]hen disclosure is necessary to accomplish the consultation or assist with the representation, as in the case of an interpreter, translator, or secretary, an exception to waiver preserves the privilege.").

attorney, in the same litigation.'"[12] It recognizes that the attorney-client privilege can apply to joint clients of the same attorney, in the same litigation, protecting disclosures by a client or her attorney, which otherwise might constitute a waiver of the attorney-client privilege.[13] In applying the doctrine, this court adopted the rule from *Universal Standard*, which held that third-party participation only preserves privilege if the third party is necessary to enable communications between attorney and client (such as a translator or specialized accounting interpreter). In contrast, merely being helpful or consulting on public relations strategy, this court found, does not satisfy the strict necessity standard.[14]

HireVue fails to convince the court that under this strict necessity standard, Hirewire's participation was necessary versus merely helpful. Thus, Hirewire's inclusion destroyed confidentiality and waives HireVue's assertions of privilege. The communications therefore are to be produced.

This decision is further supported by the damaging deposition testimony from HireVue's former General Counsel Debbie Giambruno. The burden of establishing the attorney-client privilege or work product privilege rests on the party asserting it.[15] Testimony that Highwire was retained to assist the marketing team with press or public relation issues directly refutes HireVue's claim that Highwire was indispensable to counsel's legal function. Such testimony cannot be easily discarded because it is from events approximately seven years prior. Nor, under *Utah First's* strict necessity standard, can privilege logs alone overcome affirmative deposition

---

[12] *Id.* at *8 (quoting *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 594 (S.D. Fla. 2013).

[13] *See id.*

[14] *See id.* at 9.

[15] *See In re Grand Jury Proceedings*, 616 F.3d 1172, 1183-85 (10th Cir. 2010).

testimony that a third-party firm performed standard public relations functions rather than necessary legal support.

## CONCLUSION AND ORDER

The court is persuaded that under *Utah First* HireVue's assertions of privilege have been waived. Thus, ACE's Motion is GRANTED. The requested discovery is to be produced within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED this 13 August 2026.

_____
Dustin B. Pead
United States Magistrate Judge